# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALI MEHDIPOUR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-17-298-G |
| CITY OF MIDWEST CITY et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Now before the Court is Plaintiff Ali Mehdipour's pro se Motion to Terminate Counsel (Doc. No. 49) and Motion to Vacate Judgment (Doc. No. 50). Defendant The City of Oklahoma City ("City") has responded in opposition to Plaintiff's latter motion. *See* Def. City's Obj. to Pl.'s Mot. to Vacate J. (Doc. No. 51).

Mehdipour was granted an extension of time to file a reply in support of his Motion to Vacate Judgment, *see* Order of Jan. 9, 2019 (Doc. No. 54), and the Court has now received and reviewed Plaintiff's submission. *See* Pl.'s Reply to Def.'s Obj. to Mot. to Vacate (Doc. No. 55). Plaintiff has not presented any additional argument or case law in his reply; he has instead stated that he is "preserv[ing] his right to file [a] supplement[ ] with his response due to [in]adequate time to research and to present [a] meaningful respon[se] to this . . . Court." *Id.* at 1. Because Plaintiff has had sufficient opportunity to file a reply with argument and authority, the Court declines to grant Plaintiff more time and deems Plaintiff's motions at issue.

BACKGROUND

Plaintiff filed this action on March 20, 2017, against two municipalities, the City and City of Midwest City ("Midwest City"), three individuals employed as Midwest City police officers, Brett Baker, Bruce Glover, and Jeremy Zuniga, and one individual employed as a City police officer, Bradley Conley. *See* Compl. (Doc. No. 1). Relief was sought against these Defendants under both federal and state law for Plaintiff's alleged unlawful arrest and prosecution. After motion practice, Plaintiff was permitted to file a First Amended Complaint. *See* Order of July 27, 2017 (Doc. No. 18).

In his First Amended Complaint, Plaintiff again sought money damages under federal and state law against the City, Midwest City, and Officers Baker, Glover, and Zuniga. *See* First Am. Compl (Doc. No. 20). Plaintiff did not rename Officer Conley as a defendant; he instead joined another City police officer—Jeff Coffey.[1] *See id*.

Because Plaintiff did not serve Officer Coffey within the time permitted by Federal Rule of Civil Procedure 4(m) or show good cause for his failure to act, the Court on November 29, 2017, dismissed Plaintiff's claims against Officer Coffey without prejudice. *See* Order of Nov. 29, 2017 (Doc. No. 38). That same date, the Court dismissed Plaintiff's claims against Officer Glover, *see* Order of Nov. 29, 2017 (Doc. No. 39), Officer Zuniga, *see* Order of Nov. 29, 2017 (Doc. No. 40), Officer Baker, *see* Order of Nov. 29, 2017 (Doc. No. 41), and Midwest City, *see* Order of Nov. 29, 2017 (Doc. No. 42). The Court also dismissed two of the three state law claims asserted against the City: Count I (false arrest)

---

[1] Defendant was also identified in the record as "Jay Coffey." *See* Def. Conley's Reply Ex. 2 (Doc. No. 14-1) at 2.

and Count IV (Okla. Const. art. 2, § 30). *See* Order of Nov. 29, 2017 (Doc. No. 43). At that point, only Plaintiff's state law claim for trespass against the City as set forth in Count III of the First Amended Complaint remained. *See id.* at 8 n.10.

The City thereafter sought leave to move to dismiss Plaintiff's trespass claim. *See* Def. City's App. to File Another Mot. to Dismiss (Count III) (Doc. No. 45). In lieu of filing a response, Mehdipour, through counsel, stipulated to the dismissal of Count III without prejudice. *See* Joint Stip. of Dismissal Without Prejudice (Doc. No. 46). Because no unresolved claims then remained against any Defendant, the Clerk of the Court terminated the matter in her records on December 14, 2017.

On April 26, 2018, Plaintiff filed a document titled "Notice of Abandonment of Counsel." *See* Doc. No. 47 (entered on docket on Apr. 27, 2018). Plaintiff complained that his attorney had abandoned him and that he had just discovered that his case had been dismissed. Plaintiff stated that he "believe[d] a Rule 59 or 60 motion [was] in order to reopen the case, and request[ed] leave of the Court to file such a motion, or in the alternative, for the Court to instruct [him] . . . how to proceed." *Id.* at 1.

The Court informed Plaintiff that it could not provide legal advice or tell him how to prosecute the matter.[2] *See* Order of Apr. 30, 2018 (Doc. No. 48). To the extent Plaintiff

---

[2] The Court advised Plaintiff that it had "'no duty to help pro se litigants [or litigants represented by counsel] make their case.'" Order of Apr. 30, 2018 (Doc. No. 48) at 2 n.1 (quoting *United States v. Althoff*, No. 93-2114, 1993 WL 542201, at *2 (10th Cir. 1993) (citation omitted)). The Court stated that it must "'[i]nstead . . . remain impartial and treat both sides of a controversy the same. Were a judge to help one side of a controversy, he [or she] would no longer be a judge but would become an adversary to the other side.'" *Id.* (quoting *Althoff*, 1993 WL 542201, at *2 (citation omitted)). The Court further advised it was "'[l]ikewise . . . improper for a judge to provide legal advice to one party in a civil

3

had sought additional time to file a motion under Federal Rules of Civil Procedure 59 and 60(b), the Court denied such request. *See id.* at 2 (citing Fed. R. Civ. P. 6(b)(2) (court must not extend time to act under Fed. R. Civ. P. 59(b), (d), and (e) and 60(b))).

DISCUSSION

In the instant motions, Plaintiff has reported that his attorney ceased work in this matter prior to the Court's dismissal of Keith Sweeney on January 19, 2017. Sweeney, however, is not a named defendant in the case-at-bar; rather, he is a defendant in another case brought by Plaintiff in this judicial district. *See Mehdipour v. Sweeney*, Case No. 16-411-M (W.D. Okla.). The Court therefore has disregarded Plaintiff's statements about instructions he gave counsel regarding Sweeney and counsel's alleged failure to heed such instructions.

To the extent Plaintiff has complained in the instant motions about counsel's litigation strategies or has sought termination of counsel, the Court again advises Plaintiff that it cannot provide the relief Plaintiff has requested. While Plaintiff may himself terminate his counsel, this matter is closed and Plaintiff has cited no authority that permits the Court to interfere with, or sever, the attorney-client relationship between counsel and Plaintiff under these circumstances.

Plaintiff has also moved the Court to set aside its Order of April 30, 2018, wherein the Court observed that "'[o]n December 14, 2017, Mehdipour, 'by and thr[ough] his

---

controversy.'" *Id.* (quoting *Althoff*, 1993 WL 542201, at *2) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (court may not assume role of advocate for pro se litigant)).

4

attorney of record[,] and the City' . . . filed a Joint Stipulation of Dismissal Without Prejudice." Order of Apr. 30, 2018 (Doc. No. 48) (West, J.) at 1 (quoting Joint Stip. of Dismissal Without Prejudice (Doc. No. 46) at 1). Plaintiff has argued that vacatur of the Court's Order is warranted since his attorney was not authorized to dismiss Plaintiff's claim for trespass against the City and the Court erred in terminating this action based on the parties' stipulation.[3]

1. Federal Rule of Civil Procedure 60(b)(4)

In support of his motion, Plaintiff has relied on Federal Rule of Civil Procedure 60(b)(4), which permits the Court to "relieve a party . . . from a final judgment, order, or proceeding [if] . . . the judgment is void." Fed. R. Civ. P. 60(b)(4).[4] In those instances "where Rule 60(b)(4) is properly invoked, 'relief is not a discretionary matter' but instead is 'mandatory.'" *Myzer*, 2018 WL 4368189, at *2 (quoting *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (further quotation omitted)).

---

[3] Plaintiff has also argued that dismissal of this action was not warranted since counsel should have pursued a claim for unlawful arrest and/or prosecution based on heritage. *See* Pl.'s Mot. to Vacate J. (Doc. No. 50) at 1. Because that claim was not and is not before the Court, the Court does not address it.

[4] Pursuant to Federal Rule of Civil Procedure 60(c)(1), Rule 60(b)(4) "motions 'must be made within a reasonable time.'" *Myzer v. Bush*, No. 18-3067, 2018 WL 4368189, at *2 (10th Cir. Sept. 13, 2018) (quoting Fed. R. Civ. P. 60(c)(1)). However, the Tenth Circuit "has ruled that Rule 60(b)(4) motions are effectively subject to no time limit. Or, put another way, any time period preceding the filing of a Rule 60(b)(4) motion is reasonable as a matter of law because such a motion claims that the underlying judgment is void *ab initio*." *Id*. (citing *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.9 (10th Cir. 1979) ("[I]f a judgment is void, it is a nullity from the outset and any 60(b)(4) motion for relief is therefore filed within a reasonable time.")).

5

A final judgment or order, however, "is not void merely because it is or may be erroneous. For a judgment [or final order] to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it." *V.T.A., Inc.*, 597 F.2d at 224 (citations omitted). "In the interest of finality, the concept of setting aside a judgment [or order] on voidness grounds is narrowly restricted." *Id.* (footnote omitted).

Plaintiff has not shown that this Court lacked jurisdiction as to subject matter or the parties; he has likewise not established that the Court's decision to accept the parties' stipulated dismissal of Plaintiff's trespass claim against the City and to direct the Clerk to terminate this action based on that stipulation "involve[d] a plain usurpation of power or . . . [was] inconsistent with due process of law." *Id.* at 224-25 (footnotes omitted).[5] *See United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 271 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard"); *In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 842 (10th Cir. 1974) (judgment is void "only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law"). Accordingly, the Court finds relief under Rule 60(b)(4) is not warranted.

---

[5] In determining whether the Court's acceptance of the parties' stipulation or its decision to terminate this action was "inconsistent with due process of law," *V.T.A., Inc.*, 597 F.2d at 224 (citations omitted), the Court finds Plaintiff has advanced no argument that counsel was not apprised at all times of these proceedings or submitted any authority that notice to counsel of record does not comport with due process.

2. Federal Rule of Civil Procedure 60(b)(1)

Also, arguably applicable in these circumstances is Federal Rule of Civil Procedure 60(b)(1), which permits a court to "relieve a party . . . from a final judgment, order, or proceeding [if a] . . . mistake . . . [has been made]." Fed. R. Civ. P. 60(b)(1).[6] A mistake occurs "where . . . an attorney in the litigation has acted without authority from a party." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).

A lack of authority is usually found in two situations, only one of which is present in this case:[7] where the attorney's actions terminate the litigation. *See id.* ("as a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments . . . where . . . an attorney in the litigation has acted without authority from a party"); *Thomas v. Colo. Trust Deed Funds, Inc.*, 366 F.2d 136 (10th Cir. 1966). Although Plaintiff has not cited Rule 60(b)(1) in either his motion or his reply, the Court has nevertheless considered whether relief is warranted thereunder.

Ordinarily, "an attorney of record may not compromise, settle, or consent to a final disposition of his client's case without express authority." *Thomas*, 366 F.2d at 139 (citations omitted). *See Chavez v. Primus Auto. Fin. Servs.*, No. 97-2142, 1997 WL 634090, at *4 (10th Cir. Oct. 15, 1997) ("'mere employment of an attorney does not give

---

[6] Rule 60(c)(1) also requires Rule 60(b)(1) motions "be made within a reasonable time," but "no more than a year after the entry of the judgment or order . . . ." Fed. R. Civ. P. 60(c)(1). This matter was terminated on December 14, 2017, pursuant to the Joint Stipulation of Dismissal Without Prejudice (Doc. No. 46) filed that same date. Plaintiff's Motion to Vacate Judgment was filed on November 26, 2018. *See* Doc. No. 50.

[7] The second situation is where an attorney has entered an appearance without the client's knowledge. *See FDIC v. Oaklawn Apts.*, 959 F.2d 170, 175 (10th Cir. 1992).

7

him the actual, implied, or apparent authority to compromise his client's case'"). The Court must, however, consider "this general principle . . . in connection with the rule that an attorney of record is presumed to have authority to compromise and settle litigation of his client, and a judgment entered upon an agreement by the attorney of record will be set aside only upon affirmative proof by the party seeking to vacate the judgment that the attorney had no right to consent to its entry." *Thomas*, 366 F.2d at 139 (citations omitted) (Rule 60(b) motion "must be clearly substantiated by adequate proof").

Plaintiff has submitted a Declaration, wherein he has sworn under penalty of perjury, *see* Declaration (Doc. No. 50) at 3,[8] that counsel, "without notifying Plaintiff, . . . apparently agreed to a Joint Stipulation of Dismissal Without Prejudice." Pl.'s Mot. to Vacate (Doc. No. 50) at 2. In the absence of a contrary response or an objection from

---

[8] Where

> any matter is required . . . to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . , such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> . . . .
>
> (2) If executed within the United States, . . . : "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature)".

28 U.S.C. § 1746. Plaintiff's Declaration complies with this statute. *See* Declaration (Doc. No. 50) at 3.

Plaintiff's counsel, the Court assumes for the sake of argument that Plaintiff has presented adequate proof that his attorney was not authorized to stipulate to the dismissal without prejudice of Plaintiff's only remaining claim.

Even doing so, the Court finds Plaintiff is not entitled to relief. Should the Court disregard the parties' Joint Stipulation of Dismissal Without Prejudice and reopen this case, such actions would be futile since Plaintiff's state law trespass claim against the City fails as a matter of law[9] and the litigation would again terminate.

> In his First Amended Complaint, Plaintiff alleged the City
>
> entered Plaintiff's property without permission and legal justification when . . . Officer Coffey acting within the course and scope of employment entered the real property of Plaintiff allegedly at the request of Midwest City. While on the property, . . . Coffey observed the [stolen] generator through a crack in the door.

First Am. Compl. (Doc. No. 20) ¶ 32. *See id*. ¶ 8 ("[a]fter . . . contact by Defendant Glover, Defendant . . . City through . . . City Police Officer Coffey traveled to Plaintiff's property, and then trespassed on Plaintiff's property by allegedly looking through a crack in a door to observe the generator"). *See also* Def. Conley's Mot. to Dismiss Ex. 2 (Doc. No. 9-2) at 1 (Affidavit of Probable Cause) ("Sgt. Glover contacted OCPD and Officer Coffey was dispatched to 215 N Douglas Ave. Officer Coffey informed Sgt. Glover that he could see

---

[9] Moreover, even if the parties had not agreed to dismiss Plaintiff's state law claim of trespass, the Court had grounds to dismiss that claim sua sponte since no federal law claims remained against any Defendant. *See Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (if federal claims are dismissed before trial, leaving only issues of state law, court should decline to exercise supplemental jurisdiction by dismissing case without prejudice).

9

a generator matching the description of the one reported stolen through a crack in the door.").

In its Order of November 29, 2017, the Court addressed the issue of trespass and noted that "Oklahoma courts 'have considered police officers trespassers only where they have entered property without proper legal authority to do so.'" Order of Nov. 29, 2017 (Doc. No. 42) at 11 (quoting *Lawmaster v. Ward*, 125 F.3d 1341, 1352 (10th Cir. 1997) (citations omitted)). The City's liability in Count III as framed in the First Amended Complaint is grounded on Officer Coffey's actions,[10] *see* First Am. Compl. (Doc. No. 20) at 8, and the Court found in its Order of November 29, 2017, that Officer Coffey, while acting within the scope of his employment as a municipal police officer, had "entered [Plaintiff's] property with the 'legal authority to do so.'" *Id*. (quoting *Lawmaster*, 125 F.3d at 1352 (citations omitted)). Because the Court has determined that Officer Coffey's conduct was not actionable because he entered Plaintiff's property in the performance of his duty and was authorized to do so, the City, as Officer Coffey's employer, cannot be held liable under state law for trespass. The Court therefore finds no reason to disregard or set aside the Joint Stipulation of Dismissal Without Prejudice filed on December 14, 2017, by Plaintiff "'by and thr[ough] his attorney of record[,] and the City,'" Order of Apr.

---

[10] Subject to certain exemptions, a political subdivision, such as the City, may be held "liable for loss resulting from . . . the torts of its employees acting within the scope of their employment." Okla. Stat. tit. 51, § 153(A). The phrase "'[s]cope of employment' means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority.'" *Id*. §152(12).

30, 2018 (Doc. No. 48) at 1 (quoting Joint Stip. of Dismissal Without Prejudice (Doc. No. 46) at 1), or to direct the Clerk of the Court to reopen the matter in her records.

Accordingly, the Court

(1) DENIES Plaintiff's Motion to Terminate Counsel (Doc. No. 49);

(2) DENIES Plaintiff's Motion to Vacate Judgment (Doc. No. 50); and

(3) DIRECTS the Clerk of the Court to send a copy of this Order by electronic transmission to all counsel of record and to mail a copy of the same to Plaintiff at the following address: P.O. Box 2962, Oklahoma City, OK 73101.

IT IS SO ORDERED this 22nd day of January, 2019.

CHARLES B. GOODWIN
United States District Judge